# EXHIBIT A

### STATE COURT OF TIFT COUNTY
### STATE OF GEORGIA

**⚕ EFILED IN OFFICE**
CLERK OF STATE COURT
TIFT COUNTY, GEORGIA
**2021CT0116**

**AUG 31, 2021 09:04 PM**

*Clay Pate, Clerk*
Tift County, Georgia

CIVIL ACTION NUMBER  2021CT0116

Poindexter, Jerry
_____

**PLAINTIFF**                          **VS.**

RDJ Trucking, LLC
Jones, Richard
_____

**DEFENDANTS**

**SUMMONS**

**TO: AUTO-OWNERS INSURANCE COMPANY**

You are hereby summoned and required to file with the Clerk of said court and serve upon the
Plaintiff's attorney, whose name and address is:

> **Michael E Gumprecht**
> **The Gumprecht Law Firm**
> **125 Townpark Drive #300**
> **Kennesaw, Georgia 30144**

an answer to the complaint which is herewith served upon you, within 30 days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by
default will be taken against you for the relief demanded in the complaint.

**This 31st day of August, 2021.**

Clerk of State Court

*Clay Pate, Clerk*
Tift County, Georgia

Page 1 of 1

🔥 EFILED IN OFFICE
CLERK OF STATE COURT
TIFT COUNTY, GEORGIA

**2021CT0116**

AUG 31, 2021 09:04 PM

Clay Pate, Clerk
Tift County, Georgia

## IN THE STATE COURT OF TIFT COUNTY
## STATE OF GEORGIA

JERRY POINDEXTER,

       Plaintiff,

v.

AUTO-OWNERS INSURANCE COMPANY,
RDJ TRUCKING, LLC, RICHARD JONES,
ABC CORP., XYZ CORP., and JOHN DOE,

       Defendants.

**JURY TRIAL DEMANDED**

Civil Action File No.

### COMPLAINT

COMES NOW Jerry Poindexter, Plaintiff herein, and files this Complaint against Defendants Auto-Owners Insurance Company, RDJ Trucking, LLC, Richard Jones, ABC Corp., XYZ Corp. and John Doe and shows this Honorable Court as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff is a resident of Arkansas and submits to this jurisdiction.

2.

Defendant RDJ Trucking, LLC ("Defendant RDJ") is a foreign corporation organized under the laws of Iowa, with its principal office of business located at 1630 Benson Street, Osceola, Iowa 50213. Defendant RDJ is subject to the jurisdiction and venue of this Court. This Court has personal jurisdiction over Defendant RDJ pursuant to O.C.G.A. § 9-10-91. Service of process may be perfected upon Defendant RDJ through its registered agent, Faye Jones, at the following address: 1510 1st Avenue #42, Grinnell, Iowa 50112.

3.

Defendant Richard Jones ("Defendant Jones") is an individual and a resident of Clarke

County, Iowa and is subject to the jurisdiction and venue of this Court. This Court has personal

jurisdiction over Defendant Jones pursuant to O.C.G.A. § 9-10-91. Service of process may be

perfected upon Defendant Jones at the following address: 1630 Benson Street, Osceola, Iowa

50213.

4.

Defendant Auto-Owners Insurance Company ("Defendant Auto-Owners") is an insurance

company against whom a direct action may be brought based on a contract of insurance pursuant

to O.C.G.A. § 40-1-112, O.C.G.A. § 40-2-140, and/or other applicable laws. Defendant Auto-

Owners is a foreign corporation and authorized to transact business in the State of Georgia and is

subject to the jurisdiction and venue of this Court. Defendant Auto-Owners' principal office of

business is located at 6101 Anacapri Boulevard, Lansing, Michigan 48917. Service of process may

be perfected upon Defendant Auto-Owners through its registered agent, Linda Banks c/o CT

Corporation System, at the following address: 289 S. Culver Street, Lawrenceville, GA 30056-

4805.

5.

Defendant ABC Corp. is an entity that owned and/or operated the truck involved in the

subject collision and is subject to the jurisdiction and venue of this Court. Plaintiff incorporates by

reference all claims made in this Complaint against any other Defendant against Defendant ABC

Corp. Defendant ABC Corp. will be named and served with the Summon and Complaint once its

identity is revealed.

6.

Defendant XYZ Corp. is an additional insurance company against whom a direct action

may be brought based on a contract of insurance pursuant to O.C.G.A. § 40-1-112, O.C.G.A. § 40-

2-140, and/or other applicable laws. Defendant XYZ is subject to the jurisdiction and venue of this Court and will be named and served with the Summons and Complaint once its identity is revealed.

7.

Defendant John Doe is an individual who maintains the trucks and supervises drivers for Defendant RDJ and/or Defendant ABC Corp. and is subject to the jurisdiction and venue of this Court. Plaintiff incorporates by reference all claims made in this Complaint against any other Defendant against Defendant John Doe. Defendant John Doe is subject to the jurisdiction and venue of this Court and will be named and served with the Summons and Complaint once his identity is revealed.

8.

Pursuant to O.C.G.A. § 40-1-117(b), Defendants are further subject to the venue of this Court because this action lies "in the county where the cause of action or some part thereof arose."

**ALLEGATIONS**

9.

On or about September 2, 2019, Plaintiff was resting in his parked 2019 Freightliner tractor-trailer at a Love's Travel Stop at 178 Southwell Blvd, Tifton, Tift County, Georgia 31794. At all times relevant hereto, Plaintiff was exercising reasonable care for his own safety.

10.

Prior to and on September 2, 2019, Defendants RDJ, Jones, ABC Corp., and John Doe owned, operated, and/or controlled a 2012 Volvo VNL tractor truck, V.I.N. 4V4NC9EJ0CN548837, for use over public highways.

11.

Prior to and on September 2, 2019, Defendants RDJ, Jones, ABC Corp. and John Doe failed to exercise reasonable care for the safety of others who might be affected by their actions and negligently operated and/or allowed the negligent operation of the above-mentioned 2012 Volvo truck while the truck and its driver were in violation of legally mandated minimum safety requirements and violated multiple Federal laws, Georgia laws, and rules of the road, and, on September 2, 2019, said violations caused a collision between Plaintiff's vehicle and Defendants' truck and proximately caused serious injuries to Plaintiff.

12.

On September 2, 2019, Defendant Jones, an employee/agent of Defendant RDJ and/or ABC Corp., was operating the above-mentioned 2012 Volvo truck at the above-mentioned Love's Travel Stop in Tifton, Georgia. Defendant Jones was operating said truck in violation of multiple Federal laws, Georgia laws, and rules of the road, including, but not limited to, driving a vehicle in reckless disregard of the safety of persons or property (O.C.G.A. § 40-6-390), fleeing the scene of a collision (O.C.G.A. § 40-6-270 (a), (c); 40-6-271), driving under the influence of alcohol (O.C.G.A. § 40-60-391), failure to maintain control of the truck, failure to keep a proper lookout, improper backing, failure to use turn signals, and failure to use reasonable care while operating said truck, causing a collision between said truck and Plaintiff's vehicle and proximately causing serious injuries to Plaintiff.

13.

At the time of the collision, not only was Defendant Jones operating his truck under the illegal influence of alcohol, but immediately after the collision he attempted flee the scene in order to escape responsibility as a hit and run driver. During his attempts to escape, Defendant Jones repeatedly placed his truck in forward and reverse positions, going back and forth in a desperate attempt to detach his truck from Plaintiff's truck, causing Plaintiff's truck to strike another truck in the process. Incredibly, Defendant was only stopped due to the quick action of other truck drivers at the scene who unhooked the air line from the Defendant's truck, which caused its brakes to lock.

14.

At all times relevant hereto, Defendant Jones was operating Defendant RDJ's and/or ABC Corp.'s truck in a reckless and negligent fashion which resulted in the above-described collision and proximately caused serious injuries to Plaintiff.

15.

At all times relevant hereto, Defendants RDJ, ABC Corp. and/or John Doe were negligently supervising the operation of Defendant RDJ's and ABC Corp.'s truck which resulted in the above-described collision and proximately caused serious injuries to Plaintiff.

16.

Defendants RDJ and/or ABC Corp. are liable under the doctrine of *respondeat superior* for the harm caused to Plaintiff by the wrongful acts of their employee, Defendant Jones, who was acting in the scope and course of his employment with Defendant RDJ and/or ABC Corp. and during the actual transaction of Defendant RDJ's and/or ABC Corp.'s business when he caused the subject collision and proximately caused serious injuries to Plaintiff.

17.

Defendants RDJ and/or ABC Corp. are liable to Plaintiff because they negligently entrusted their vehicle to Defendant Jones when Defendant Jones was not properly suited to drive the vehicle, proximately causing injuries to Plaintiff, and because Defendant RDJ and/or ABC Corp. failed to properly hire, train, retain, and supervise their employees so that they would not cause harm to persons such as Plaintiff, proximately causing injuries to Plaintiff.

18.

Defendants RDJ, ABC Corp., John Doe and Jones, are negligent *per se* because (1) their acts and/or the acts of their employee were in violation of Federal laws and Georgia laws regarding the use and operation of motor vehicles and commercial motor vehicles, (2) the laws were designed to prevent the type of collision and injuries involved in the subject litigation, (3) Plaintiff is a member of the class intended to be protected by said laws, and (4) the violation of said laws proximately caused Plaintiff's injuries.

19.

Defendants RDJ and/or ABC Corp. knew or should have known that operating their truck on an interstate while its driver was not properly suited to operate it would result in harm to the individuals who would be affected by the operation of said truck.

20.

Defendants RDJ and/or ABC Corp. knew or should have known that their failure to properly hire, train, retain, and supervise their employee so that he would not cause harm to persons such as Plaintiff, would result in harm to the individuals who would be affected by said employees, yet Defendants RDJ and/or ABC Corp. still failed to properly hire, train, retain, and supervise their employees.

21.

At all times relevant hereto, Defendants RDJ, ABC Corp., John Doe and Jones, were operating the subject truck as motor contract carriers pursuant to O.C.G.A. § 40-1-50, et seq. and other applicable laws.

22.

Plaintiff brings this action against Defendant Auto-Owners on a contract of insurance pursuant to O.C.G.A. § 40-1-112, O.C.G.A. § 40-2-140, and/or other applicable laws. The underlying tort claims possessed by Plaintiff arise as a result of a motor vehicle collision and are against Defendant Auto-Owners' insureds, Defendants RDJ, ABC Corp., John Doe, and/or Jones.

23.

On September 2, 2019, at the time of the subject collision, Defendant Auto-Owners had a policy of insurance in effect that provided insurance coverage for the motor carrier operations of Defendants RDJ, ABC Corp., and/or Jones, and included the subject 2012 Volvo truck.

24.

Plaintiff elects to avail himself of the procedure set forth under O.C.G.A. § 40-1-112, O.C.G.A. § 40-2-140, and/or other applicable laws that permit joinder of Defendant Auto-Owners as a direct defendant.

25.

Defendant Auto-Owners is liable to Plaintiff based on the above-referenced contract of insurance insuring Defendants RDJ, ABC Corp., John Doe and/or Jones pursuant to O.C.G.A. § 40-2-112 and/or O.C.G.A. § 40-2-140.

## JOINT AND SEVERAL LIABILITY

### 26.

The combined acts of Defendants RDJ, ABC Corp., John Doe and Jones were reckless, negligent, and negligent *per se* and proximately caused Plaintiff's injuries and damages, and said Defendants are jointly and severally liable for Plaintiff's injuries and damages. Since Plaintiff had no fault in causing the subject collision and since the tortious acts of Defendants RDJ, ABC Corp., John Doe and Jones do not involve moral turpitude, Plaintiff elects to proceed jointly and severally against Defendants RDJ, ABC Corp., John Doe and Jones pursuant to O.C.G.A. § 51-12-32.

### DAMAGES

### 27.

Defendant RDJ's, ABC Corp.'s, John Doe, and/or Jones' recklessness, negligence, and negligence *per se* proximately caused injuries to Plaintiff which caused and continues to cause tremendous pain and suffering to Plaintiff, and Plaintiff seeks recovery from Defendants for all damages to which ne is entitled.

### 28.

As a result of Defendant RDJ's, ABC Corp.'s, John Doe and Jones' recklessness, negligence, and negligence *per se*, Plaintiff sustained personal injuries, special damages, and general damages for which he is entitled to be compensated by Defendants.

### 29.

As a direct and proximate result of Defendant RDJ's, ABC Corp.'s, John Doe, and/or Jones' recklessness, negligence, and negligence *per se*, Plaintiff has sustained a 6% permanent partial impairment rating to his right upper extremity and incurred over $48,833.91 in medical expenses, the exact amount to be proven at trial.

30.

By engaging in the above-described conduct, Defendants RDJ, ABC Corp., John Doe and/or Jones acted in an intentional, malicious, fraudulent, reckless, willful, and wanton manner, evincing such an entire want of care as to raise the presumption of a conscious indifference to the consequences, and the conduct of these Defendants is so aggravating as to warrant, justify, and demand the imposition of punitive damages pursuant to O.C.G.A. § 51-12-5.1 to penalize and punish each of these Defendants for his or its misconduct and to deter each of these Defendants from engaging in such aggravating and fraudulent conduct in the future. Plaintiff hereby specifically pleads for the imposition of punitive damages.

31.

Defendant Jones' conduct in fleeing the scene of a collision is criminalized as hit and run under O.C.G.A. § 40-6-270 (a), (c); 40-6-271, because the public policy of this state required the Defendant to stop and render aid to those involved in the collision, no matter who caused the collision, and not leave them in a possibly disabled state without aid. Georgia Power Co. v. Shipp, 195 Ga. 446 (24 S.E.2d 764) (1943); Bellamy v. Edwards, 181 Ga. App. 887, 889 (3) (354 S.E.2d 434) (1987); Battle v. Kilcrease, 54 Ga. App. 808, 809-810 (4) (189 S.E.2d 573) (1936). Defendant Jones' actions in leaving the scene of a collision, as mandated by statute, was an intentional and culpable act; such conduct demonstrated a conscious indifference to the consequences and an entire want of care as to the victim's wellbeing, and such conduct was of an aggravated and indifferent nature for purposes of imposing punitive damages. Langolois v. Wolford, 246 Ga.App. 209 (2000); Bellamy v. Edwards, supra 889; Battle v. Kilcrease, supra at 809-810 (4).

32.

Defendants have acted in bad faith, have been stubbornly litigious, and have caused

Plaintiff unnecessary trouble and expense by forcing Plaintiff to resort to the use of the court system in order to resolve this claim when there is no bona fide controversy. Accordingly, Plaintiff seeks attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11.

**WHEREFORE** Plaintiff prays for the following relief:

(a)     Summons and Complaint be served upon Defendants according to the law;

(b)     Plaintiff recover from Defendants jointly and severally a sum of damages to compensate for Plaintiff's injuries and damages, including, but not limited to, past and future medical expenses; past and future lost wages; and past, present, and future pain and suffering as aforesaid;

(c)     Judgment be rendered against Defendant RDJ Trucking, Inc. for punitive damages to deter like or similar conduct in the future;

(d)     Judgment be rendered against Defendant Richard Jones for punitive damages to deter like or similar conduct in the future;

(e)     Judgment be rendered against Defendant John Doe for punitive damages to deter like or similar conduct in the future;

(f)     Judgment be rendered against Defendant Auto-Owners Insurance Company based on its contract of insurance;

(g)     Judgment be rendered against Defendant XYZ Corp. based on its contract of insurance;

(h)     Judgment be rendered against Defendant ABC Corp. for punitive damages to deter like or similar conduct in the future;

(i)     Plaintiff be awarded prejudgment interest on all damages as allowed by law;

(j)     Interest on the judgment be awarded at the legal rate from the date of judgment;

(k)    All costs of this action be taxed against Defendants; and

(l)    Plaintiff have any and all other relief the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for each claim for which he has a right to a jury.

Respectfully submitted this 31st day of August, 2021.

THE GUMPRECHT LAW FIRM

MICHAEL E. GUMPRECHT
GEORGIA STATE BAR NUMBER 903081
ATTORNEY FOR PLAINTIFF

125 TOWNPARK DRIVE #300
KENNESAW, GEORGIA 30144
TELEPHONE:    678-800-1050
FACSIMILE:    678-800-1500
E-MAIL:    MICHAEL@GALAWFIRM.COM

**EFILED IN OFFICE**
CLERK OF STATE COURT
TIFT COUNTY, GEORGIA

**2021CT0116**

AUG 31, 2021 09:04 PM

Clay Pate, Clerk
Tift County, Georgia

## IN THE STATE COURT OF TIFT COUNTY
## STATE OF GEORGIA

JERRY POINDEXTER,

      Plaintiff,

v.

AUTO-OWNERS INSURANCE COMPANY,
RDJ TRUCKING, LLC, RICHARD JONES,
ABC CORP., XYZ CORP., and JOHN DOE,

      Defendants.

Civil Action File No.

## PLAINTIFF'S FIRST INTERROGATORIES TO
## DEFENDANT AUTO-OWNERS INSURANCE COMPANY

Pursuant to O.C.G.A. §§ 9-11-26 and 9-11-33, Plaintiff Jerry Poindexter (hereinafter "Plaintiff"), by and through undersigned counsel, serves the following Interrogatories to Defendant Auto-Owners Insurance Company (hereinafter "Defendant"). The interrogatories shall be answered under oath by Defendant within the time and in the manner prescribed by law and in accordance with the following instructions and definitions. Each of the following interrogatories is continuing in the manner provided by law.

### I. DEFINITIONS

1.    As used herein, "Defendant," "you," "your," or "its" shall mean Auto-Owners Insurance Company, any and all predecessor entities of Auto-Owners Insurance Company, its attorneys and agents, and all persons acting or purporting to act on its behalf.

2.    As used herein, "Plaintiff" shall mean Jerry Poindexter, his attorney and agents, and all persons acting on his behalf.

3.    As used herein, "person," "persons," and/or "people" shall mean any individual, business, company, firm, partnership, joint venture, corporation, proprietorship, association, governmental body, or any other organization or entity, and "individual" shall mean any person,

persons, people, business, company, firm, partnership, joint venture, corporation, proprietorship, association, governmental body, or any other organization or entity. The singular form of the word should be interpreted in plural and vice versa as necessary to bring within the scope of this request any information which might otherwise be construed to be outside of the scope.

4.     As used herein, "company," "business," and/or "entity" shall mean any business, company, firm, partnership, joint venture, corporation, proprietorship, association, governmental body, or any other organization or entity.

5.     Masculine pronouns shall not connote any particular gender but shall be taken to mean masculine, feminine, or neuter gender, as the case may be.

6.     As used herein, "date" shall mean the exact day, month, and year, if ascertainable, or, if not, the best available approximation (including relationship to other events).

7.     As used herein, "data" shall mean any document and/or any oral communication of which Defendant has knowledge.

8.     As used herein, the term "communication," including its various forms such as "communicated with," refers to any exchange or transfer of information between two or more persons, whether written, oral, or in any other form.

9.     As used herein, the terms "each," "any," "every," and "all" should be interpreted in the most expansive way possible as necessary to bring within the scope of this request any and all information which might otherwise be construed to be outside of the scope. The singular form of the word should be interpreted in plural and vice versa as necessary to bring within the scope of this request any information which might otherwise be construed to be outside of the scope. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request any information which might otherwise be construed to be outside of the

scope.

10.   As used herein, the term "relate to," including its various forms such as "relating to," shall mean consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed.

11.   As used herein, "document," "report," and/or "record" shall mean every writing or record of every type and/or description, including, without limitation, correspondence, memoranda, tapes, e-mail, e-mail records, stenographic recordings, typed and/or handwritten notes, studies, publications, books, pamphlets, pictures, films, microfilms, microfiches, voice recordings, maps, reports, surveys, minutes, statistical compilations, and/or any other record or item that provides information and/or a record of information as well as every copy of such writing and/or record where the original is not in the possession, custody, or control of Defendant, and every copy of every such writing and/or record where such copy is not an identical copy of an original or where such copy contains any commentary and/or notation whatsoever that does not appear on the original.

12.   As used herein, "documents relating to" shall mean all documents containing, evidencing, constituting, showing, relating, or referring in any way, directly or indirectly, to; and is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by each request.

13.   As used herein, "identify," when used in reference to a person or an individual, shall mean to state the full name, date of birth, Social Security number, all present or last known addresses (including residence and employer addresses for each person as well as each person's employer's name and the position held by each person) and all present or last known telephone numbers (designating whether each telephone number is a business telephone number, cellular

telephone number, home telephone number, or other telephone number) of each person or other entity identified.

14.    As used herein, "identify," when used in reference to <u>a business, company, firm, partnership, joint venture, corporation, proprietorship, association, or other organization or entity,</u> shall mean to state its full name, all present or last known addresses, and all telephone numbers.

15.    As used herein, "identify," when used in reference to <u>documents,</u> shall mean: (1) to state the name and date of the document, the date that document was originally created, the date that the document was first sent to any person, and the number of pages comprising the document; (2) to identify the person who created the document, each person to whom the document is addressed, and each person to whom copies of the document were or have been sent; (3) to provide a brief description of the subject matter of the document; and (4) to state whether or not you are in possession of the original or a copy of the document, and, if you are not in possession of the original or a copy, to identify each person who has possession, custody, and/or control of the original and/or the earliest-generation copy of each document. In lieu of identifying any documents, you may produce legible copies of said documents that approximate the original documents as closely as possible in all respects, including color copies where necessary.

16.    As used herein, "identify," when used in reference to <u>an oral statement or communication,</u> shall mean to state the date, the subject matter, the persons initiating and receiving the communication, the nature of the communication and whether it was recorded, and to identify each person who witnessed the communication.

17.    As used herein, the term "identify" when used in reference to <u>an act, event, or course of conduct,</u> shall mean to provide the date and a complete description of the act, event, or course of conduct and to identify each person who took part in the act, event, or course of conduct.

## II. INSTRUCTIONS

1.      If you object to a part of any interrogatory and refuse to answer that part, state your specific objection(s) and answer the remaining portion of that interrogatory. If you object to the scope or time period of a request and refuse to answer for that time period, state your specific objection(s) and answer the interrogatory for the scope and time period you believe is appropriate.

2.      If any of the interrogatories cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information you have concerning the unanswered portions.

3.      If your response is qualified in any particular, please set forth the details of such qualifications.

4.      With respect to any interrogatories that call for the description of the contents of a document or ask you to identify documents, you may, in lieu of answering the interrogatory, attach such documents, or legible copies of said documents that approximate the original documents as closely as possible in all respects, including color copies where necessary, to your answers, specifying the exact interrogatory to which each such document relates.

5.      These interrogatories are continuing in character to the extent provided in the Georgia Civil Practice Act and require you to serve upon Plaintiff supplemental answers as provided by the Georgia Civil Practice Act.

## III. INTERROGATORIES

1.

As instructed above, please identify the insurer issuing the policy, the policy number, the policy limit, and the effective date of such policy of insurance (primary or excess) which provides

insurance coverage and/or which may provide insurance coverage for the claims made in Plaintiff's Complaint. Plaintiff specifically request that in response to this interrogatory, this Defendant identify any and all payouts made and insurance coverage remaining for any aggregate or single-limit policies applicable for the time period which includes the subject collision.

2.

If you contend that Plaintiff have brought this action against the wrong entity, please identify the entity you contend is the correct defendant in this action.

3.

As instructed above, please identify: (a) any and all claims representatives and/or other individuals who have investigated or assisted in the adjusting of the claims made in Plaintiff's Complaint; and (b) the claims representative who is responsible for handling and supervising this claim, providing as much of the following information as you have available: the full name, date of birth, Social Security number, all present or last known addresses (including residence and employer addresses for each person as well as each person's employer's name and the position held by each person), and all present or last known telephone numbers (designating whether each telephone number is a business telephone number, cellular telephone number, home telephone number, or other telephone number) of each person identified.

4.

As instructed above, please identify each and every person who has any information about how or why the subject collision occurred, about who was at fault or in any way responsible for causing this collision, and about any other information concerning the issues of liability or damages in this case, providing as much of the following information as you have available: the full name, date of birth, Social Security number, all present or last known addresses (including

residence and employer addresses for each person as well as each person's employer's name and the position held by each person), and all present or last known telephone numbers (designating whether each telephone number is a business telephone number, cellular telephone number, home telephone number, or other telephone number) of each person identified. If no name or other identifying information is available, please provide as detailed a physical description of said individual(s) as possible. Additionally, please list a brief description or nature of each such person's knowledge (for example: eyewitness, investigating police officer, medical doctor, private investigator, etc.).

5.

As instructed above, please identify each and every witness who has information relevant to this case who has orally, in writing, or by recording in any way given a statement or account of his or her knowledge or any information relevant to this lawsuit, providing as much of the following information as you have available: the full name, date of birth, Social Security number, all present or last known addresses (including residence and employer addresses for each person as well as each person's employer's name and the position held by each person), and all present or last known telephone numbers (designating whether each telephone number is a business telephone number, cellular telephone number, home telephone number, or other telephone number) of each person identified. If no name or other identifying information is available, please provide as detailed a physical description of said individual(s) as possible. Additionally, please provide an explanation of the type of statement given (oral, written, recorded, etc.) and the taker and present custodian of each such statement.

6.

Pursuant to the provisions of O.C.G.A. § 9-11-26(b)(4)(A)(I), Defendant is requested to identify each person whom Defendant expects to call as an expert witness at trial, state the subject matter on which such expert is expected to testify, and state the substance of the facts and opinions to which the expert is expected to testify and the summary of the grounds of each opinion.

7.

Do you contend that Plaintiff or any other person committed any act of negligence, contributory negligence, or comparative negligence that in any way contributed to causing the collision that is the subject of Plaintiff's Complaint? If so, please identify each act of negligence and identify the party whom you contend was guilty of such negligence, including the full name, date of birth, Social Security number, all present or last known addresses (including residence and employer addresses for each person as well as each person's employer's name and the position held by each person), and all present or last known telephone numbers (designating whether each telephone number is a business telephone number, cellular telephone number, home telephone number, or other telephone number) of each person identified. Additionally, please supply any statutory authority where applicable.

8.

Please explain in detail any and all knowledge you have regarding Plaintiff's injuries, including but not limited to, a full description of Plaintiff's injuries, the cause of Plaintiff's injuries, and the source of your knowledge of Plaintiff's injuries.

9.

As instructed above, please identify whether this Defendant admits that Richard Jones negligently caused the subject collision. If your answer is in the negative, please explain the basis

for contesting liability.

10.

As instructed above, please identify all persons (whether medical providers, lay persons, or anyone else) who have any relevant information relating to Plaintiff's physical and/or mental suffering as a result of the subject collision, and/or any other information relating to the issue of damages in this litigation, including the full name, date of birth, Social Security number, all present or last known addresses (including residence and employer addresses for each person as well as each person's employer's name and the position held by each person), and all present or last known telephone numbers (designating whether each telephone number is a business telephone number, cellular telephone number, home telephone number, or other telephone number) of each person identified.

11.

Please explain the nature of the employment relationship between Richard Jones and this Defendant's insureds who are named as Defendants in this action, including the date the employment relationship began, whether the relationship has been terminated, the date of such termination, the reason for such termination, and the identity of the person who terminated the driver.

12.

With respect to Richard Jones, please state the following: date of birth; Social Security number; Driver's license number and state of issuance; present home address; and all of said driver's previous residence addresses for the past five years, including the street address, city, state, and zip code.

13.

As instructed above, please identify the following individuals as of the date of the subject collision and at present:

    (a)    Person(s) responsible for the inspection, maintenance, and repair of this Defendant's insured's tractor and trailer involved in the subject collision;

    (b)    Safety Director of this Defendant's insured;

    (c)    Person(s) responsible for training employees/drivers, including Richard Jones;

    (d)    Person(s) responsible for interviewing and/or hiring employees/drivers, and specifically, driver Richard Jones of this Defendant's insured; and

    (e)    Person(s) responsible for supervising drivers, including Richard Jones, of this Defendant's insured.

14.

Does this Defendant, its agents, its attorneys, or its insured, on its own or through any other person, obtain information from any private source or governmental agency, about the driving history, driving violations, criminal violations, motor vehicle record, or other driving qualifications of the persons this Defendant's insured hires or allows to drive trucks? If so, please state by job title on which employees this information is sought, from whom this information is obtained (including, but not limited to any governmental agency or entity), and exactly what information is obtained or, as a matter of policy, sought to be obtained. Also, please state the same as to each person through which such information was requested or obtained concerning the driver involved in the subject collision and the dates upon which such information was obtained concerning the driver operating the tractor-trailer rig involved in the subject collision.

15.

If the insured's driver, Richard Jones, did not have a valid license to operate a tractor-trailer at the time of the subject collision, please state in what way the driver's license was not valid (i.e., expired, never qualified to drive a tractor-trailer, etc.)

16.

As instructed above, please identify any and all investigators, mechanics, adjusters, claims representatives, or experts who have investigated this collision, examined any of the vehicles involved, or who have in any way investigated the claims made in this lawsuit on behalf of this Defendant, its attorneys, or its insured. Please identify each person who conducted said investigation(s), including the full name, date of birth, Social Security number, all present or last known addresses (including residence and employer addresses for each person as well as each person's employer's name and the position held by each person), and all present or last known telephone numbers (designating whether each telephone number is a business telephone number, cellular telephone number, home telephone number, or other telephone number) of each person identified.

17.

Please give a detailed history of any and all inspections, maintenance, and/or repairs of the tractor and trailer, which were involved in the subject collision, both prior to and subsequent to the subject collision, including but not limited to the dates of any inspections, maintenance, and/or repairs, the names of persons who performed any inspections, maintenance, and/or repairs, and a description of the inspection or work performed.

18.

As to the tractor and trailer involved in the subject collision, please state the following

information: manufacturer, make, model, year, and Vehicle Identification Number (VIN); person or entity to whom the tractor-trailer rig was titled as of the date of the subject collision and at present; present location of the tractor and trailer; gross vehicle rating of the tractor-trailer rig; and wheel base measurements.

19.

Please state whether any inspection of the tractor and trailer involved in the subject collision was conducted after the subject collision, the results of each such inspection, and the name(s) of the person(s) performing each such inspection. Also identify any documents, reports, photographs, videotapes, or other records which were made concerning any such inspection of the tractor-trailer rig.

20.

Please state whether at the time and place of the subject collision, Richard Jones was an employee/servant of this Defendant's insured acting within the course and scope of his employment. If your answer to this interrogatory is in any way in the negative, please also state the facts which support such response, including, but not limited to, whether Richard Jones was an employee at the time, whether he was "on the clock" at the time, and if you contend he was on an independent "frolic" of his own, please state what facts support that contention.

21.

As instructed above, please identify any and all photographs, videos, drawings, and/or depictions of any kind relating to the subject matter of Plaintiff's Complaint, any vehicle or other physical object relating to the subject matter of Plaintiff's Complaint, and/or any person (including any party) relating to the subject matter of Plaintiff's Complaint which were created on September 2, 2019, or created at any other time if the item identified depicts the events of September 2, 2019.

Please describe each individual photograph, video, drawing, or depiction with specificity, including, but not limited to, the date made, by whom it was made, the form (whether photographic print, video tape, electronic file, transparency, diagram, plat, etc.), the subject represented, and all facts represented or shown, and identify the person(s) having possession, custody, and/or control of each item, including the full name, date of birth, Social Security number, all present or last known addresses (including residence and employer addresses for each person as well as each person's employer's name and the position held by each person), and all present or last known telephone numbers (designating whether each telephone number is a business telephone number, cellular telephone number, home telephone number, or other telephone number) of each person identified. In lieu of providing a description of said depictions, you may produce legible, color copies of said depictions that closely approximate the images represented by the original depictions.

### 22.

Please state whether or not an accident/incident report was made by this Defendant or any of your representatives or the insured(s) in connection with the subject collision, and if so, the place where such report is located.

### 23.

Please state in detail how you contend the subject collision took place and the order in which the events took place, to include the purpose of the trip by Richard Jones, his destination, and from where he left. Please include in this response a list of each person, force of nature, act of God, and/or circumstance you believe to have caused or contributed to causing the subject collision and/or any of Plaintiff's injuries.

### 24.

As instructed above, please identify each document which supports or otherwise relates to your responses to any of these Interrogatories or to any of your contentions asserted in your answer to Plaintiff's Complaint, stating as to each such document the contention which it supports or to which it otherwise relates.

25.

As instructed above, please identify each person who prepared, provided information, or assisted in the preparation of the responses to these Interrogatories. Please include present or last known residence and business addresses, including each person's employer's name and the position held by each person, and all present or last known telephone numbers (designating whether each telephone number is a business telephone number, cellular telephone number, home telephone number, or other telephone number) of each person identified.

This 31st day of August, 2021.

THE GUMPRECHT LAW FIRM

MICHAEL E. GUMPRECHT
GEORGIA STATE BAR NUMBER 903081
*ATTORNEY FOR PLAINTIFF*

125 TOWNPARK DRIVE #300
KENNESAW, GEORGIA 30144
TELEPHONE:    678-800-1050
FACSIMILE:    678-800-1500
E-MAIL:        MICHAEL@GALAWFIRM.COM

**EFILED IN OFFICE**
CLERK OF STATE COURT
TIFT COUNTY, GEORGIA

**2021CT0116**

AUG 31, 2021 09:04 PM

Clay Pate, Clerk
Tift County, Georgia

**IN THE STATE COURT OF TIFT COUNTY**
**STATE OF GEORGIA**

JERRY POINDEXTER,

     Plaintiff,

v.

AUTO-OWNERS INSURANCE COMPANY,
RDJ TRUCKING, LLC, RICHARD JONES,
ABC CORP., XYZ CORP., and JOHN DOE,

    Defendants.

Civil Action File No.

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**
**TO DEFENDANT AUTO-OWNERS INSURANCE COMPANY**

Pursuant to O.C.G.A. §§ 9-11-26 and 9-11-34, Plaintiff Jerry Poindexter (hereinafter "Plaintiff"), by and through undersigned counsel, serves the following Request for Production of Documents to Defendant Auto-Owners Insurance Company (hereinafter "Defendant"), the responses to be served upon the undersigned attorney within the time required by law. Each of the following requests is continuing in the manner provided by law.

**I. DEFINITIONS**

1.    As used herein, "Defendant," "you," or "your" shall mean Auto-Owners Insurance Company, any and all predecessor entities of Auto-Owners Insurance Company, its attorneys and agents, and all persons acting or purporting to act on its behalf.

2.    As used herein, "Plaintiff" shall mean Jerry Poindexter, his attorney and agents, and all persons acting on his behalf.

3.    As used herein, "person," "persons," and/or "people" shall mean any individual, business, company, firm, partnership, joint venture, corporation, proprietorship, association, governmental body, or any other organization or entity, and "individual" shall mean any person, persons, people, business, company, firm, partnership, joint venture, corporation, proprietorship,

association, governmental body, or any other organization or entity. The singular form of the word should be interpreted in plural and vice versa as necessary to bring within the scope of this request any information which might otherwise be construed to be outside of the scope.

4.      As used herein, "company," "business," and/or "entity" shall mean any business, company, firm, partnership, joint venture, corporation, proprietorship, association, governmental body, or any other organization or entity.

5.      Masculine pronouns shall not connote any particular gender but shall be taken to mean masculine, feminine or neuter gender, as the case may be.

6.      As used herein, "date" shall mean the exact day, month, and year, if ascertainable, or, if not, the best available approximation (including relationship to other events).

7.      As used herein, "data" shall mean any document and/or any oral communication of which Defendant has knowledge.

8.      As used herein, the term "communication," including its various forms such as "communicated with," refers to any exchange or transfer of information between two or more persons, whether written, oral, or in any other form.

9.      As used herein, the terms "each," "any," "every," and "all" should be interpreted in the most expansive way possible as necessary to bring within the scope of this request any and all information which might otherwise be construed to be outside of the scope. The singular form of the word should be interpreted in plural and vice versa as necessary to bring within the scope of this request any information which might otherwise be construed to be outside of the scope. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request any information which might otherwise be construed to be outside of the scope.

10.    As used herein, the term "relate to," including its various forms such as "relating to," shall mean consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed.

11.    As used herein, "document," "report," and/or "record" shall mean every writing or record of every type and/or description, including, without limitation, correspondence, memoranda, tapes, e-mail, e-mail records, stenographic recordings, typed and/or handwritten notes, studies, publications, books, pamphlets, pictures, films, microfilms, microfiches, voice recordings, maps, reports, surveys, minutes, statistical compilations, and/or any other record or item that provides information and/or a record of information as well as every copy of such writing and/or record where the original is not in the possession, custody, or control of Defendant, and every copy of every such writing and/or record where such copy is not an identical copy of an original or where such copy contains any commentary and/or notation whatsoever that does not appear on the original.

12.    As used herein, "documents relating to" shall mean all documents containing, evidencing, constituting, showing, relating, or referring in any way, directly or indirectly, to; and is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by each request.

## II. INSTRUCTIONS

1.    If you object to part of a request and refuse to answer that part, state your specific objection(s) and answer the remaining portion of that request. If you object to the scope or time period of a request and refuse to answer for that scope or time period, state your specific objection(s) and answer the request for the scope or time period you believe is appropriate.

2.    If any of the following requests cannot be answered in full after exercising due

diligence to secure the information, so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information you have concerning the unanswered portions.

3.    If your answer is qualified in any particular, please set forth the details of such qualification.

4.    With respect to each document that you contend is privileged or otherwise excludable from discovery, state the basis for the privilege or the ground for exclusion, the name and address of the author and addressee, the date, the general subject matter (providing sufficient detail so that the Court may rule on your claim of privilege), the name and address of any recipient of copies of the document, the name and address of the person who now has the original and any copies of the document, the number of pages of such document, and the location of the files where the original and each copy are normally kept.

5.    If you know of the existence, past or present, of any documents described or requested below, but are unable to produce such documents because they are not presently in your possession, custody or control, so state and identify such documents and the person who has possession, custody or control of such documents.

6.    Where an identified document is destroyed or alleged to have been destroyed, state the reason for its destruction, identify each person having any knowledge of its destruction, and identify each person responsible for its destruction.

7.    Where responsive documents, including, but not limited to, photographs and/or videos, were originally created in digital form, please provide said documents, including, but not limited to, photographs and/or videos, in their full and original resolution.

8.    As to each document produced in response hereto, identify the request in response

to which the document is being produced.

9.      Responses to the requests for production of documents contained hereinafter shall be supplemented and amended as required by law.

## III. REQUESTS FOR PRODUCTION

1.

Please produce, as instructed above, each and every document relating to the subject matter of this litigation.

1.

Please produce, as instructed above, each and every document relating to each and every written and/or recorded statement made by any witness, party, or other person having or claiming to have relevant information or knowledge of any fact or circumstance in this action.

3.

Please produce, as instructed above, any and all photographs, drawings, and/or depictions of any kind of each and every person, party, scene, and each and every other object or thing which relates to the issues of liability or damages in this lawsuit or which in any way relates to the issues involved in this lawsuit. For depictions of any person, this request for production is limited to depictions made September 2, 2019, or at any time following the subject collision if said depictions show or relate to the cause of the subject collision or injuries caused by the subject collision. Please produce legible, color copies of said photographs, drawings, and/or depictions that closely approximate the images represented on the original photographs, drawings, and/or depictions.

4.

Please produce a copy of each and every incident and/or accident report prepared by you, on your behalf, or by or on behalf of RDJ Trucking, LLC and/or Richard Jones relating to the

subject collision and any claim or potential claim arising out of said collision.

5.

Please produce, as instructed above, a complete copy of all policies of insurance which do or may afford liability insurance coverage with respect to Plaintiff's claims against this Defendant and/or this Defendant's insured(s). This request includes primary insurance coverage, excess insurance coverage, umbrella insurance coverage, personal insurance coverage, business insurance coverage, or any other type of liability insurance coverage.

6.

Please produce, as instructed above, copies of the declaration pages of those insurance policies identified by this Defendant in response to Plaintiff's Interrogatories as well as a copy of each and every reservation-of-rights letter or instrument of any other kind which in any way purports to reserve the rights of any insurer to contest the issue of providing a defense or coverage for the claims made in Plaintiff's Complaint.

7.

Please produce, as instructed above, copies of the underwriting file(s) relating to RDJ Trucking, LLC and/or Richard Jones' application(s) for insurance with this Defendant.

8.

Please produce, as instructed above, copies of any and all motor vehicle records or reports of any kind received from any private corporation, individual, business entity, or any governmental entity relating to the driving record and/or driving infractions of Richard Jones, the driver who was operating your insured's tractor-trailer rig at the time of the collision that forms the basis of this lawsuit.

9.

Please produce, as instructed above, copies of any and all documentation of any kind by any name sent to any other Defendant in this lawsuit or received from any other Defendant in this lawsuit relating to the driving history of Richard Jones.

10.

Please produce, as instructed above, a copy of any reservation of rights letter or other documentation of any kind or by any other name sent to any insured that purports to qualify, deny, or reserve the right to contest the issue of coverage for the claims made in this lawsuit.

11.

Please produce, as instructed above, copies of all correspondence and/or other documents sent to and from each and every person you intend to call to offer opinions or expert testimony in this matter.

12.

Please produce, as instructed above, each and every document relating to all reports, whether written or otherwise recorded, made by any expert who has been retained or otherwise employed by you and is expected to testify at the trial of this lawsuit.

13.

Please produce, as instructed above, a copy of the logs for trips made by Richard Jones for the fourteen days prior to the subject collision, the date of said collision, and the seven days subsequent to said collision.

14.

Please produce, as instructed above, a complete copy of the driver qualification file and the personnel file relating to Richard Jones.

15.

Please produce, as instructed above, copies of each and every trip sheet, bill of lading, shipping document, and each and every other document of any kind or by any other name which reflects information relating to the trip being made by Richard Jones at the time the subject collision occurred, including documents relating to said trip from the time the trip originated until the time the trip actually ended and/or was to end.

16.

Please produce, as instructed above, each and every document of any kind received by this Defendant from any person, corporation, or entity relating to the performance of Richard Jones as a truck driver, including criticisms, reprimands, infractions, discharges, firings, and/or other commentary relating to Richard Jones' work or background as a driver from the time he first drove for this Defendant's insured, including, but not limited to, the date of the collision and any information received relating to the requested subject matter subsequent to said collision.

17.

Please produce, as instructed above, any report or statement relating to the subject collision written by Richard Jones and given to this Defendant, the police, your insured, or any other person relating to the subject collision.

18.

Please produce, as instructed above, each and every document relating to each and every written statement and/or report which was made by any person who has investigated any aspect of or physical object involved in this lawsuit.

19.

Please produce, as instructed above, a complete copy of the maintenance records, repair records, and inspection records on the tractor-trailer rig involved in the subject collision. This request includes documents, photographs, videos, or any other reports or records relating to the maintenance, repair, and/or inspection of the subject tractor-trailer rig both prior to and after the date of the subject collision that is the subject of this lawsuit.

20.

Please produce, as instructed above, copies of each and every report, repair bill, work order, videotape, photograph, and/or other documentation or evidence of any kind which depicts, demonstrates, or relates to the nature of the damage done to the tractor-trailer rig in the subject collision and who repaired the truck after the subject collision.

21.

Please produce, as instructed above, copies of any and all evidence in your possession to include documents, medical reports, photographs, sound or video recordings, or any documentation by any other name, that concerns Plaintiff's physical or medical condition, injuries, or damages that have not been supplied to you by Plaintiff's counsel.

22.

Please produce, as instructed above, any and all documents that in any way pertain to Richard Jones' qualifications (or lack thereof) to drive professionally for this Defendant's insured, including, but not limited to, documents pertaining to prior references, previous motor vehicle collisions, reprimands, criticism, or any other information that reflects negatively or positively upon said driver's driving or driving ability.

23.

Please produce, as instructed above, copies of all motor vehicle reports or reports of any kind received from any individual, private corporation, other business entity, or any governmental entity relating to the driving history, driving record, and driving infractions of Richard Jones.

24.

Please produce, as instructed above, copies of any and all information sent to or received from or through your insured relating to the subject collision, including, but not limited to, documents in the possession of your insured relating to the issues of liability and/or damages in this lawsuit.

25.

Please produce, as instructed above, each and every document and/or record in your possession, custody, and/or control relating to Richard Jones.

26.

Please produce, as instructed above, each and every document and/or record in your possession, custody, and/or control relating to Plaintiff.

27.

Please produce, as instructed above, copies of each and every citation received by Richard Jones from any law enforcement officer, including citations relating to any violation of any law, ordinance, or rule of the road of any state as a result of the subject collision.

28.

Please produce, as instructed above, copies of any and all medical reports, medical tests, alcohol or drug screens, or tests of any other kind by any other name performed upon Richard Jones by any medical provider or law enforcement agency either prior to, subsequent to, or as a result of the subject collision.

29.

Please produce, as instructed above, any and all documents relating to your contention, if any, that Plaintiff was guilty of any act(s) or failure(s) to act that played any part in causing the injuries or damages complained of in this action.

30.

Please produce, as instructed above, each and every document which denies Plaintiff's claims that your negligence and/or the negligence of your insured was a proximate cause of Plaintiff's injuries.

31.

Please produce, as instructed above, each and every document relating to your contention, if any, that some other person or entity is, in whole or in part, liable to Plaintiff in this matter or is liable, in whole or in part, to you in this matter.

32.

Please produce, as instructed above, each and every document relating to any fact or circumstance that supports, contradicts, or evidences your defenses against Plaintiff's claims.

33.

Please produce, as instructed above, each and every document of any kind identified in your responses to Plaintiff's Interrogatories to Defendant Auto-Owners Insurance Company.

34.

Please produce, as instructed above, each and every document of any kind which you relied on, consulted, or reviewed in responding to Plaintiff's First Interrogatories to Defendant Auto-Owners Insurance Company.

35.

Please produce, as instructed above, each and every document of any kind which you relied on, consulted, or reviewed in responding to Plaintiff's First Request for Production of Documents to Defendant Auto-Owners Insurance Company.

This 31st day of August, 2021.

THE GUMPRECHT LAW FIRM

MICHAEL E. GUMPRECHT
GEORGIA STATE BAR NUMBER 903081
*ATTORNEY FOR PLAINTIFF*

125 TOWNPARK DRIVE #300
KENNESAW, GEORGIA 30144
TELEPHONE:      678-800-1050
FACSIMILE:      678-800-1500
E-MAIL:      MICHAEL@GALAWFIRM.COM

IN THE STATE COURT OF TIFT COUNTY
STATE OF GEORGIA

STANDING ORDER FOR ALL CIVIL CASES
INSTRUCTIONS TO PARTIES AND COUNSEL

The purpose of this Order is to inform the parties and their counsel of the Court's policies, practices and procedures.   It is issued to promote the just and efficient determination of the case.   This Order, in combination with this Court's Local Rules, the Georgia Uniform State Court Rules and the Georgia Civil Practice Act, shall govern this case.

**FAILURE TO COMPLY WITH ANY PORTION OF THIS ORDER MAY RESULT IN THE IMPOSITION OF SANCTIONS, INCLUDING STRIKING OF PLEADINGS, ASSESSMENT OF ATTORNEYS' FEES, DENIAL OF MOTIONS, AND/OR EXCLUSION OF WITNESSES OR EVIDENCE.**

1.    **Contacting Chambers**

Your principal point of contact for all matters relating to this case is our Administrative Assistant, Suzanne Griffin.   She may be reached by phone or e-mail at:

Administrative Assistant
Suzanne Griffin            (229) 386-7921            suzanne.griffin@tiftcounty.org

Mailed, couriered, and hand delivered communications should be addressed as follows:

1

Suzanne Griffin
Administrative Assistant to the Honorable Herbert W. Benson
P.O. Box 934
Tifton, GA 31793

Any pleadings or other documents required to be filed in the case must be addressed and delivered to the Clerk of State Court at P.O. Box 354, Tifton, GA 31793 or or e-filed, in cases using the Court's electronic filing system.

**2.    Courtesy Copies**

Parties are requested to forward courtesy copies of any motions directly to chambers.   In e-filed cases, you may send a courtesy copy when submitting a filing through the Odyssey system using the "Courtesy Copies" field on the "Filings" screen.

**3.    Extensions of Time**

The Court, along with counsel for the parties, is responsible for processing cases toward prompt and just resolutions.   To that end, the Court seeks to set reasonable but firm deadlines.   *Reasonable* motions for extension will be granted only upon a showing of good cause or by consent of all parties.

**4.    Conferences**

Scheduling, discovery, pre-trial and settlement conferences promote the speedy, just and efficient resolution of cases.   The Court therefore encourages the parties to request a conference when they believe a conference will be helpful and when they have specific goals and an agenda for the conference.

2

5.    **Candor in Responsive Pleadings**

In accordance with O.C.G.A. § 9-11-8(b), a party's responsive pleading must admit or deny the averments of the adverse party's pleading.

6.    **Discovery Responses**

Boilerplate objections in response to discovery requests are strongly discouraged. Parties should not invoke the usual litany of rote objections unless the responding party has a valid basis for these objections.

Moreover, general objections are disfavored, i.e., a party should avoid including in his response to a discovery request a "Preamble" or a "General Objections" section stating that the party objects to the discovery request "to the extent that" it violates some rule pertaining to discovery (such as attorney-client privilege, work product immunity from discovery, the requirement that discovery requests be reasonably calculated to lead to the discovery of admissible evidence, or the prohibition against discovery requests that are vague, ambiguous, overly broad, or unduly burdensome).   **Instead, each individual discovery request should be met with every specific objection thereto, but only those objections that actually apply to that particular request.**   Otherwise, it becomes impossible for the Court or the party upon whom the discovery response is served to know what objections have been asserted to each individual request.   **Such general objections may be disregarded by the Court.**

A party who objects to a discovery request but then responds to the request must

3

indicate whether the response is complete.   For example, in response to an interrogatory, a party is not permitted to raise objections and then state, "Subject to these objections and without waiving them, the response is as follows" unless the party expressly indicates whether additional information would have been included in the response but for the objections(s).

Evidence presented at trial which was requested but not disclosed during the discovery period may be excluded.

Finally, if any documents are withheld from production during discovery pursuant to a privilege, a privilege log must be produced at the time the discovery response is due, identifying the document(s) withheld and the privilege asserted.

7.    Conduct During Depositions

(a)    At the beginning of the deposition, deposing counsel shall instruct the witness to ask deposing counsel, rather than the witness's own counsel, for clarifications, definitions or explanations of any words, questions or documents presented during the course of the deposition.   The witness shall abide by these instructions.

(b)    All objections, except those that would be waived if not made at the deposition under O.C.G.A. § 9-11-32(d)(3)(B) and those necessary to assert a privilege or to present a motion pursuant to O.C.G.A. § 9-11-30(d), shall be preserved.   Other objections therefore need not be made during the course of depositions.   If counsel defending a deposition feels compelled to make an objection, he or she shall state the

4

basis of the objection (such as "objection to form") and nothing more.   Defending counsel shall elaborate on his/her objection only upon the request of deposing counsel. Counsel shall not make objections or statements that might suggest an answer to a witness and shall avoid speaking objections except in extraordinary circumstances.

(c)   Counsel SHALL NOT instruct a witness not to answer a question unless that counsel has objected to the question on the ground that the answer is protected by a privilege or a limitation on evidence directed by the Court.

.(d) Counsel and their witness-clients SHALL NOT engage in private off-the-record conferences during depositions *or breaks in depositions* regarding any of counsel's questions or the witness's answers except for the purpose of deciding whether to assert a privilege.  **Any conferences that occur pursuant to or in violation of this rule are a proper subject for inquiry by deposing counsel to ascertain whether there has been any witness-coaching and, if so, what the coaching included.   Any conferences that occur pursuant to or in violation of this rule shall be noted on the record by the counsel who participated in the conference.   The purpose and outcome of the conference shall be noted on the record.**

(e)   Deposing counsel shall provide to the witness's counsel a copy of all documents shown to the witness during the deposition.   The copies shall be provided either before the deposition begins or contemporaneously with the showing of each document to the witness.   The witness and the witness's counsel do not have the right

5

to discuss documents privately before the witness answers questions about them.  *See* subsection (d) above.

(f)  Depositions are limited to no more than seven hours of time on the record. Breaks are not included when calculating the duration of the deposition.

**8.  Serving Discovery Prior to Expiration of the Discovery Period**

All discovery requests must be served early enough that responses thereto are due on or before the last day of the discovery period.

**9.  Extensions of the Discovery Period**

Motions requesting an extension of the discovery period must be made prior to the expiration of the existing discovery period.  Reasonable motions for extension will be granted only upon a showing of good cause or by consent of all parties.

**10.  Discovery Disputes**

Pursuant to USCR 6.4(B), if any discovery dispute arises during the discovery period, the parties shall meet and confer in person or over the telephone in a good faith effort to resolve the dispute.  If that is not successful, the parties are encouraged to contact the Court's Administrative Assistant, Suzanne Griffin, to request a conference with the Court prior to filing any motions.  Ms. Griffin will schedule a conference call or meeting in which the Court will attempt to resolve the matter without the necessity of a formal motion.  The request for the conference should be made by e-mail with counsel for all parties copied, and it should include a brief description of the nature of the dispute

and attach any documents the Court will need to review in attempting to resolve the dispute.   The request also should indicate whether the parties want the conference taken down by a court reporter.

This process shall not apply to post-judgment discovery.

**11.   Mediation**

**All parties are required to mediate unless excused from so doing by the Court.** The parties may contact Melissa Hughes, the Tift County Alternate Dispute Resolution Director at (229)386-7827 or may select a mutually-agreed-upon private mediator.   All parties are required to mediate in good faith and with an effort to resolve ALL issues in the case.   **If an insurance carrier is involved, a representative *with full settlement authority* must attend the mediation in person unless prior approval is obtained from the Court.**

**12.   Pretrial Orders**

Pretrial Orders must be submitted by the deadline set by the Court.   This usually will be at least 30 days prior to the trial date.   When the pretrial order is submitted, the case shall be ready for trial.   The statement of contentions in the Pretrial Order will govern the issues to be tried.   The plaintiff shall make certain all theories of liability are explicitly stated, together with the type and amount of each type of damages sought. The specific actionable conduct should be set out.   In a multi-defendant case, the actionable conduct of each defendant shall be identified.   The defendant shall explicitly

7

set out any affirmative defenses upon which it intends to rely at trial as well as satisfy the above requirements with respect to any counterclaims.

All exhibits intended to be introduced at trial shall be identified specifically in the pretrial order.   In listing witnesses or exhibits, a party may not reserve the right to supplement his list, nor should a party adopt another party's list by reference. Witnesses and exhibits not identified in the Pretrial Order may not be used during trial unless good cause is shown and except to prevent a manifest injustice.

**13.     Motions in limine and objections to deposition testimony**

All motions in limine and objections to deposition testimony shall be attached to the pretrial order as exhibits.

**14.     Jury Charges**

All requests to charge shall be submitted to the Court in Microsoft Word format *via* e-mail to Ms. Griffin.   The original requests to charge must be filed with the Clerk of Court.   Pattern charges should be requested by number and title only and may all be listed on one page.   All non-pattern charges shall be numbered consecutively on separate pages as provided by Uniform State Court Rule 10.3.   Non-pattern charges must contain citations of authority supporting the requested charge.

**15.     Technology**

Our courtroom has some electronic equipment for use by counsel at trial.   For more information about the equipment, please contact Ms. Griffin.   It is the parties'

8

responsibility to make sure they know how to use the equipment available, to have the cords necessary to hook up to the equipment and to ensure that the parties' equipment interfaces with the Court's technology.

SO ORDERED, this 11th day of June, 2020.

The Honorable Herbert W. Benson
Judge, State Court of Tift County

9

**General Civil and Domestic Relations Case Filing Information Form**

✪ EFILED IN OFFICE
CLERK OF STATE COURT
TIFT COUNTY, GEORGIA

**2021CT0116**

☐ Superior or ☑ State Court of _Tift_____ County

AUG 31, 2021 09:04 PM

| For Clerk Use Only | |
|---|---|
| Date Filed 08-31-2021 | Case Number 2021CT0116 |
| **MM-DD-YYYY** | |

Clay Patti, Clerk
Tift County, Georgia

**Plaintiff(s)**
Poindexter, Jerry

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
RDJ Trucking, LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Jones, Richard | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Gumprecht, Mr. Michael E       **Bar Number** 903081       **Self-Represented** ☐

Check one case type and, if applicable, one sub-type in one box.

**General Civil Cases**
- ☑ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐   Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____       _____
**Case Number**                        **Case Number**

☑   I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐   Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐   Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.20

**EFILED IN OFFICE**
CLERK OF STATE COURT
TIFT COUNTY, GEORGIA

**2021CT0116**

SEP 18, 2021 01:22 PM
State Court

Clay Pate, Clerk
Tift County, Georgia

## AFFIDAVIT OF SERVICE

**State of Georgia**                    **County of Tift**

Case Number: 2021CT0116

Plaintiff: **JERRY POINDEXTER**
vs.
Defendants: **AUTO-OWNERS INSURANCE COMPANY,
RDJ TRUCKING, LLC, RICHARD JONES,
ABC CORP., XYZ CORP., and JOHN DOE**

For:
Michael Gumprecht
Gumprecht Law Firm
125 Townpark Drive
#300
Kennesaw, GA 30144

Received by Ancillary Legal Corporation on the 2nd day of September, 2021 at 10:14 am to be served on **Auto-Owners Insurance Company c/o C.T. Corporation System, registered agent, 289 S. Culver Street, Lawrenceville, GA 30046**.

I, Christopher Todd Horton, being duly sworn, depose and say that on the **15th day of September, 2021** at **2:10 pm, I:**

served **Auto-Owners Insurance Company c/o C.T. Corporation System, registered agent** by delivering a true copy of the **SUMMONS, COMPLAINT, PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT AUTO-OWNERS INSURANCE COMPANY, PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT AUTO-OWNERS INSURANCE COMPANY, STANDING ORDER FOR ALL CIVIL CASES INSTRUCTIONS TO PARTIES AND COUNSEL, GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING INFORMATION FORM** to: C.T. Corporation System as **Registered Agent**, BY LEAVING THE SAME WITH Linda Banks as **Authorized to Accept** at the address of: **289 S. Culver Street, Lawrenceville, GA 30046**.

**Additional Information pertaining to this Service:**
9/15/2021  2:10 pm  Perfected corporate service at 289 S. Culver Street, Lawrenceville, GA 30046, by serving Linda Banks, process specialist.

White female, gray hair, ~60-65 years old, ~5'4, ~140 lbs, wears glasses.

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true.I have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more years of age and am authorized to serve process.

Christopher Todd Horton
Process Server

Subscribed and Sworn to before me on the 17th
day of September, 2021 by the affiant
who is personally known to me.

NOTARY PUBLIC

**Ancillary Legal Corporation
2900 Chamblee Tucker Road
Building 13
Atlanta, GA 30341
(404) 459-8006**

Our Job Serial Number: ANC-2021009619
Ref: POINDEXTER



ISHANI MADHAV
My Commission Expires
NOTARY
PUBLIC
June 3, 2025
FULTON COUNTY, GEORGIA

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2d

🍎 EFILED IN OFFICE
CLERK OF STATE COURT
TIFT COUNTY, GEORGIA

**2021CT0116**

SEP 14, 2021 03:03 PM

Clay Pate, Clerk
Tift County, Georgia

**IN THE STATE COURT OF TIFT COUNTY**
**STATE OF GEORGIA**

JERRY POINDEXTER,

     Plaintiff,

v.

AUTO-OWNERS INSURANCE COMPANY,
RDJ TRUCKING, LLC, RICHARD JONES,
ABC CORP., XYZ CORP., and JOHN DOE,

     Defendants.

Civil Action File No. 2021CT0116

## ORDER GRANTING MOTION FOR SPECIAL APPOINTMENT OF PROCESS SERVER

Plaintiff's Motion for Special Appointment of Process Server having been read and considered, and it appearing to the Court that such an appointment is authorized by O.C.G.A. § 9-11-4(c) and should be made,

IT IS HEREBY ORDERED that Christopher Todd Horton and agents of Ancillary Legal Corporation, each of whom is a citizen of the United States is specially appointed, authorized, and directed to serve a copy of the Summons and Complaint in this action on Defendant with process, and to make and file his proof of service as required by law.

SO ORDERED, this **13** day of September, 2021.

Judge, State Court of Tift County

Presented by:

Michael E. Gumprecht, Esq.
THE GUMPRECHT LAW FIRM
125 Townpark Drive #300
Kennesaw, Georgia 30144

**EFILED IN OFFICE**
CLERK OF STATE COURT
TIFT COUNTY, GEORGIA

**2021CT0116**

SEP 10, 2021 01:29 AM

Clay Pate, Clerk
Tift County, Georgia

**IN THE STATE COURT OF TIFT COUNTY
STATE OF GEORGIA**

JERRY POINDEXTER,

      Plaintiff,

v.

AUTO-OWNERS INSURANCE COMPANY,
RDJ TRUCKING, LLC, RICHARD JONES,
ABC CORP., XYZ CORP., and JOHN DOE,

      Defendants.

Civil Action File No. 2021CT0116

<u>**PLAINTIFF'S MOTION FOR APPOINTMENT OF A SPECIAL PROCESS SERVER**</u>

      COMES NOW the Plaintiff, pursuant to O.C.G.A. § 9-11-4(c) and shows this Court that expedited service on Defendant is necessary due to special assistance in serving Defendants who are located in another state, and requests the appointment of a Special Process Server to serve Defendant, as authorized under the law. Plaintiff submits herewith an Affidavit of the process server.

      WHEREFORE, Plaintiff moves the Court for an Order appointing Christopher Todd Horton and agents of Ancillary Legal Corporation, each of whom is not an interested party or a party to the suit, is a citizen of the United States and is over 18 years of age, to serve Defendant with process, and to make a return on that service pursuant to O.C.G.A. § 9-11-4(c).

      This 2nd day of September, 2021.

                      Respectfully submitted,

                      **THE GUMPRECHT LAW FIRM**

                      MICHAEL E. GUMPRECHT
                      GEORGIA STATE BAR NUMBER 903081
                      *ATTORNEY FOR PLAINTIFF*

125 TOWNPARK DRIVE #300
KENNESAW, GEORGIA 30144
TELEPHONE:    678-800-1050
FACSIMILE:    678-800-1500
E-MAIL:    MICHAEL@GALAWFIRM.COM

**⚖ EFILED IN OFFICE**
CLERK OF STATE COURT
TIFT COUNTY, GEORGIA

**2021CT0116**

## AFFIDAVIT OF SERVICE

State of Georgia                    **County of Tift**

SEP 30 2021 04:31 AM

Case Number: 2021CT0116

Clay Pate, Clerk
Tift County, Georgia

Plaintiff: **JERRY POINDEXTER**
vs.
Defendants: **AUTO-OWNERS INSURANCE COMPANY,
RDJ TRUCKING, LLC, RICHARD JONES,
ABC CORP., XYZ CORP., and JOHN DOE**

For: Michael Gumprecht
        Gumprecht Law Firm

Received by Ancillary Legal Corporation on the 2nd day of September, 2021 at 12:22 pm to be served on RDJ Trucking, LLC c/o Faye Jones, registered agent, 1510 1st Avenue #42, Grinnell, IA 50112 I, Dean Vantassel, being duly sworn, depose and say that on the 3rd day of September, 2021 at 6 :21 p.m., executed service by delivering a true copy of the **Summons (RDJ Trucking), Summons (Richard Jones), Summons (Auto-Owners Insurance), Complaint, Plaintiff's First Interrogatories to Defendant RDJ Trucking, LLC, Plaintiff's First Interrogatories to Defendant Richard Jones, Plaintiff's First Interrogatories to Defendant Auto-Owners Insurance Company, Plaintiff's First Request for Production of Documents to Defendant RDJ Trucking, LLC, Plaintiff's First Request for Production of Documents to Defendant Richard Jones, Plaintiff's First Request for Production of Documents to Defendant Auto-Owners Insurance Company, Standing Order, General Civil and Domestic Relations Case Filing Information Form** in accordance with state statutes in the manner marked below:

( ) PUBLIC AGENCY: By serving _____ as
_____ of the within-named agency.

(✓) CORPORATE SERVICE: By serving Faye Jones _____ as
Registered Agent _____ .

( ) OTHER SERVICE: As described in the Comments below by serving
_____ as _____

( ) NON SERVICE: For the reason detailed in the Comments below.

Age 50 SEX M (F) Race white Height 5'10 Weight 200 Hair brown Glasses (Y) N
COMMENTS:_____
_____
_____
_____

## AFFIDAVIT OF SERVICE For 2021CT0116

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the 7th
day of September, 2021 by the affiant who
is personally known to me.

_Alise A. Burris_
NOTARY PUBLIC

PROCESS SERVER # _____ N|A
Appointed in accordance with State Statutes

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

Our Job Serial Number: 2021009635
Ref: POINDEXTER

**ALESE A BURRIS**
Commission Number 794476
My Commission Expires
February 09, 2022

**EFILED IN OFFICE**
CLERK OF STATE COURT
TIFT COUNTY, GEORGIA

**2021CT0116**

SEP 10, 2021 01:29 AM

Clay Pate, Clerk
Tift County, Georgia

IN THE STATE COURT OF TIFT COUNTY

JERRY POINDEXTER

                              Plaintiff,

vs.                                              CIVIL ACTION
                                                 File No.   2021CT0116

AUTO-OWNERS INSURANCE
COMPANY,  RDJ TRUCKING, LLC,
RICHARD JONES,  ABC CORP., XYZ
CORP., and JOHN DOE

                              Defendant.

## AFFIDAVIT OF FOSS BAKER IN SUPPORT OF MOTION TO APPOINT SPECIAL PROCESS SERVER

STATE OF GEORGIA
COUNTY OF DEKALB

          COMES NOW, Benjamin Foss Baker, who states that the following is true and correct to the best of my knowledge:

1.  My name is Benjamin Foss Baker and I am the Staff Attorney for Ancillary Legal Corporation. I am over the age of 18, not a party to this action, not a convicted felon, and I have personal knowledge of the facts contained herein and know them to be true. I have no interest in the outcome of this action.

2.  Christopher Todd Horton is a private process server that serves papers for Ancillary Legal Corporation. Christopher Todd Horton is a court appointed process server in the State of Georgia through several courts around the metro-Atlanta area.

3.  Christopher Todd Horton is appointed in several Georgia courts as a permanent process server, evidencing their capability and diligence as a server. Christopher Todd Horton has served hundreds of papers successfully. They are not a convicted felon, have upstanding character, and are otherwise appointable to serve documents in this case. See attached Exhibit 1.

4. I know the qualifications of Christopher Todd Horton and know them to be exceedingly competent to handle process in this case. I have personal knowledge of their character, and as a member of the State Bar of Georgia, I endorse them as a special process server in this case.

Benjamin Foss Baker
Georgia Bar No. 296402
Ancillary Legal Corporation
2900 Chamblee Tucker Road, Bldg. 13
Atlanta, GA 30341
Foss.Baker@ancillaryinternational.com
T: (404) 459-8006

Sworn to and subscribed before me,
This 2 day of September, 2021.

Notary Public
My Commission Expires: 6|3|2025

**EXHIBIT 1**



# EXHIBIT 1

<u>AFFIDAVIT OF CHRISTOPHER TODD HORTON PROCESS SERVER</u>

STATE OF GEORGIA
COUNTY OF

      PERSONALLY APPEARED before me, an officer duly authorized by law to administer oaths, CHRISTOPHER TODD HORTON, who after first being duly sworn, states:

      1.     My name is CHRISTOPHER TODD HORTON and I am competent in all respects to testify regarding the matters set forth herein. This Affidavit is given voluntarily in support of Plaintiff's Motion for Special Appointment of Process Server.

      2.     I am a process server for Ancillary Legal Corporation, a company that serves legal process in this state. I am 18 years of age or over, a citizen of the United States, a non-party to this action, and am not related by employment or otherwise to Plaintiff, or Plaintiff's attorneys or Defendants in the above case.

      3.     I am available to serve process, have experience in serving process, am not a felon and am willing to be appointed to serve process in this action. I have no interest in the outcome of this action.

CHRISTOPHER TODD HORTON

Sworn to and subscribed before me
On  9/23/2020

Notary Public
My commission expires: 08/23/2022

ROSS BRIAN PHELAN
NOTARY PUBLIC
Walton County
State of Georgia
My Comm. Expires August 23. 2022

# STATE COURT OF TIFT COUNTY
# STATE OF GEORGIA

**⚡ EFILED IN OFFICE**
CLERK OF STATE COURT
TIFT COUNTY, GEORGIA

**2021CT0116**

**AUG 31, 2021 09:04 PM**

Clay Pate, Clerk
Tift County, Georgia

CIVIL ACTION NUMBER  2021CT0116

Poindexter, Jerry

**PLAINTIFF**

**VS.**

RDJ Trucking, LLC
Jones, Richard

**DEFENDANTS**

## SUMMONS

TO: RDJ TRUCKING, LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the
Plaintiff's attorney, whose name and address is:

> **Michael E Gumprecht**
> **The Gumprecht Law Firm**
> **125 Townpark Drive #300**
> **Kennesaw, Georgia 30144**

an answer to the complaint which is herewith served upon you, within 30 days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by
default will be taken against you for the relief demanded in the complaint.

**This 31st day of August, 2021.**

Clerk of State Court

Clay Pate, Clerk
Tift County, Georgia

Page 1 of 1

# STATE COURT OF TIFT COUNTY
# STATE OF GEORGIA

🦅 **EFILED IN OFFICE**
CLERK OF STATE COURT
TIFT COUNTY, GEORGIA

**2021CT0116**

**AUG 31, 2021 09:04 PM**

Clay Pate, Clerk
Tift County, Georgia

CIVIL ACTION NUMBER   2021CT0116

Poindexter, Jerry

_____

**PLAINTIFF**
                                    **VS.**

RDJ Trucking, LLC
Jones, Richard

_____

**DEFENDANTS**

## SUMMONS

TO: JONES, RICHARD

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Michael E Gumprecht**
> **The Gumprecht Law Firm**
> **125 Townpark Drive #300**
> **Kennesaw, Georgia 30144**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 31st day of August, 2021.**

Clerk of State Court

_____
Clay Pate, Clerk
Tift County, Georgia

## STATE COURT OF TIFT COUNTY
## STATE OF GEORGIA

**⚖ EFILED IN OFFICE**
CLERK OF STATE COURT
TIFT COUNTY, GEORGIA

**2021CT0116**

**AUG 31, 2021 09:04 PM**

Clay Pate, Clerk
Tift County, Georgia

CIVIL ACTION NUMBER   2021CT0116

Poindexter, Jerry
_____

**PLAINTIFF**
                                          **VS.**

RDJ Trucking, LLC
Jones, Richard
_____

**DEFENDANTS**

### SUMMONS

TO: AUTO-OWNERS INSURANCE COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Michael E Gumprecht**
**The Gumprecht Law Firm**
**125 Townpark Drive #300**
**Kennesaw, Georgia 30144**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 31st day of August, 2021.**

Clerk of State Court

_____
Clay Pate, Clerk
Tift County, Georgia

Page 1 of 1